against the commission of crime is so strong as not to be overcome except by evidence of a high degree of credibility.

We also think it was error to exclude the declarations of Hiram Hoffman at the time he made the deed. They were made to characterize the act he was then doing, and were clearly competent and relevant. Strough v. Wilder, 119 N. Y. 530, 23 N. E. 1057; 7 Am. & Eng. Enc. Law, 71.

There must be a reversal of the judgment, and a new trial.

BROWN, P. J., and CULLEN, BARTLETT, and HATCH, JJ., concur in the result, on the ground that it was error to exclude evidence as to what was said by the grantor at the time the deed was executed.

---

(3 App. Div. 443.)

## In re WORTH.

(Supreme Court, Appellate Division, Second Department. April 28, 1896.)

ANNEXING TOWN TO CITY—TRANSFER OF POLICEMEN.

    Laws 1894, c. 450, annexing the town of Flatlands to the city of Brooklyn, provides that the regular policemen of said town shall be appointed on the police force of the city of Brooklyn without a civil service examination, and that they shall be credited by the police department of the city of Brooklyn with as long a term of service as they are entitled to as regular policemen under the police department of the city of Brooklyn and of the town of Flatlands, and that the salaries shall be the same as those of the city of Brooklyn, and said policemen shall be entitled to all the rights, privileges, and benefits, of what kind so ever, now enjoyed by police under the police department of said city. *Held*, that such statute did not require that a captain in the police department of Flatlands shall be appointed a captain in the police department of Brooklyn.

Appeal from special term, Kings county.

Application by Jacob T. Worth for a writ of mandamu·, directed to Leonard R. Welles, as commissioner of police and excis· of the city of Brooklyn, to compel respondent to appoint relator on the police force of said city, with the rank of captain. The application was denied, and relator appeals. Affirmed.

The opinion of Mr. Justice CLEMENT is as follows:

The relator was a captain on the police force of the town of Flatlands on January 1, 1896, the date when that town was annexed to the city of Brooklyn. By virtue of the provisions of chapter 450 of the Laws of 1894, he insists that he should be appointed on or transferred to the police force of this city as a captain, and not as a patrolman. The portion of the act relating to the police is as follows: "The regular policemen holding appointments from the board of police commissioners of the said town, January 1st, 1896, shall be appointed on the police force of the city of Brooklyn without a civil service examination, and they shall be credited by the police department of the city of Brooklyn with as long a term of service as they are entitled to as regular policemen under the police department of the city of Brooklyn and of the town of Flatlands, as shown by the records of the departments. The salaries of said policemen shall be the same as those of the city of Brooklyn, and said policemen shall be entitled to all the rights, privileges and benefits of what kind soever now enjoyed by policemen under the police department of said city, and the said police department of the town of Flatlands shall become a police precinct of the city of Brooklyn." I am of opinion that

the captain was included in the words "regular policemen." See Laws 1893, c. 353, § 3. And I am further of opinion that, if the respondent appoints the relator as a patrolman, he complies with the letter and the spirit of the act in question. The letter of the law is complied with if the commissioner of police appoints the relator "on the police force of the city of Brooklyn."

The spirit of the law is complied with by an appointment as patrolman, as will be seen by reference to the acts of annexation of New Lots, Flatbush, and New Utrecht, and to chapter 779 of the Laws of 1895, relating to the police force of the town of Gravesend. By no other law has an officer been transferred or appointed as officer by implication, and unless the act so specifically directed. In the act affecting New Lots (Laws 1886, p. 335), the 15 regular policemen were transferred to the Brooklyn force, "retaining their respective ranks therein." In the Flatbush act (Laws 1894, p. 696) the regular policemen and officers were transferred, the captain as a detective sergeant, and all others as patrolmen. In Gravesend (Laws 1895, c. 779) the regular policemen and officers were transferred as patrolmen if found competent. And in New Utrecht (Laws 1894, p. 931) the men and officers, if found competent, had preference in appointment as patrolmen. In New Lots the police force had existed for, at least, eight years prior to annexation (chapter 305, Laws 1878); and the legislature, perhaps for that reason, transferred the officers with like rank to the Brooklyn force. In Flatlands the police force had existence only about a year prior to the passage of the act of annexation. In the act affecting Flatbush, where the police force had existed at least 16 years (chapter 409, Laws 1878), the captain was made a detective sergeant, and all other officers as patrolmen. A captain of police in this city reaches that important position after long years of service as patrolman, roundsman, and sergeant, and the appointment to that office of a person who had only served on the force two years and a half would be an unusual act; and it will be observed that the police force of Flatlands has only existed about that time when the act of annexation took effect. In view of the legislative action in 1894 and 1895 in relation to the officers of police of Flatbush, New Utrecht, and Gravesend, it seems to me that the captain of police of Flatlands is only entitled to be appointed as a patrolman on the force in this city. Powers v. Shepard, 48 N. Y. 540; People v. Butler, 147 N. Y. 164, 41 N. E. 416.

The provision in the act that the salaries of the policemen appointed from the Flatlands force should be the same as those of the city of Brooklyn meant that, after crediting them with their service in the department of Flatlands, they should be paid according to their grade on the Brooklyn force. Section 5 of title 11 of the Revised Charter. The words, "The said police department of the town of Flatlands shall become a police precinct of the city of Brooklyn," simply made the former town a police precinct of the city.

Motion for a peremptory writ of mandamus denied, without costs.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Grout, De Fere & Mayer, for appellant.
Jacob Brenner, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on the opinion of the special term. All concur.